UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Rem: PLR NETWORK RVOC LIVING TR, | Case No.  26-mc-80138-AGT |
| | **ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |
| | Re: Dkt. Nos. 1, 2 |

Patricia Lynn Riffe opened this miscellaneous case and paid the filing fee. *See* dkt. 1.[1] She writes that the purpose of her filing is to "establish[ ] a Private Trust Equity Record in Chambers" and that she isn't invoking "adversarial jurisdiction, . . . commercial jurisdiction, . . . [or] statutory civil submission." *Id.* Instead, the "record is lodged for preservation of trust standing, fiduciary capacity, equitable interest, and notice to the court of conscience." *Id.* Riffe additionally lodged "transfer grant deed[s]" with the Court. Dkts. 3 & 4.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994), and may only decide cases or controversies. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 654 (9th Cir. 2002). Without a case or controversy, a federal court lacks subject matter jurisdiction over the suit. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). Without jurisdiction, a federal court cannot decide the merits of a case or order any relief. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988).

---

[1] Riffe also filed an *in forma pauperis* application, dkt. 2, on which the undersigned has not yet ruled.

What is the case or controversy here? There is no opposing party, nor does Riffe allege any injury. And without an injury, it's not clear how a favorable decision could assist Riffe. Indeed, it's not clear what a favorable decision would be in this case. *See Cetacean*, 386 F.3d at 1174 (reviewing elements of Article III standing).

Furthermore, for a federal court to have subject matter jurisdiction, there must ordinarily be a question of federal law or diverse parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As noted, there is no opposing party. Diversity is thus not available. And trusts and estates are the domains of the states. *See, e.g.*, *Laws v. Laws*, No. 17-CV-00369, 2017 WL 2972259, at *1 (E.D. Cal. July 12, 2017) ("Probate and trust administration are governed by state law and fall within the exclusive jurisdiction of the state courts."). This case therefore doesn't present a question of federal law. The Court additionally lacks subject matter jurisdiction to hear this case on that basis.

The Court therefore orders Riffe to show cause why the undersigned should not (i) request that this matter be transferred to a district court judge and (ii) recommend dismissal of this matter for lack of subject matter jurisdiction. Riffe must file an update with the Court by **July 24, 2026**. If no update is timely filed, or if Riffe files an update which fails to provide the Court with subject matter jurisdiction, her case may be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**IT IS SO ORDERED.**

Dated: June 26, 2026

Alex G. Tse
United States Magistrate Judge